UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

RENEE M. SPINELLI, et ano,

                Plaintiffs,

    - against -                  ORDER

SECRETARY OF THE DEPARTMENT OF THE     CV 99-8163 (JFB)(MDG)
INTERIOR, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - -X
HOPE C. STUART,
                Plaintiff,

    - against -                  CV 00-4263 (JFB)(MDG)

BRUCE BABBITT, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - -X

    By letter filed on May 17, 2006, counsel for plaintiffs in these consolidated actions[1] seeks further discovery from the defendant Secretary of the Department of the Interior that counsel claims has been outstanding for some time. See ct. doc. 31 (filed in Stuart v. Babbitt, Dkt. No. 00-cv-4263). At a discovery conference on June 2, 2006, this Court directed plaintiffs to supplement their motion and, specifically, to show whether such discovery had previously been requested and the reason why plaintiffs did not seek the discovery sought earlier.

---

[1] The claims brought by the plaintiffs in Spinelli were dismissed and the time to seek reconsideration has expired.

Since counsel for the federal defendant advised the Court that the government had provided only the files regarding the complaints filed by Lt. Fellner against the Park Service, but not his entire personnel file, I directed that those files be produced for in camera inspection.

After review of the documents submitted for inspection, consideration of the submissions and review of the prior proceedings, including those in a related action, Gangemi v. Secretary of the Department of the Interior, Dkt. No. 01-cv-4255 (SJF) ("Gangemi Action"), plaintiffs' application is denied.

## DISCUSSION

Contending that the discovery sought is both relevant and that the federal defendant had previously failed to provide such, plaintiffs argue that defendants should now bear the burden of proving that the documents sought are not relevant. Such a position is both legally wrong and based on a complete disregard of the procedural history of both this case and the Gangemi Action.

Once set, a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). In order to establish "good cause" for an extension, a moving party must, at a minimum, make a showing of diligence. See Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) (citing Parker v. Columbia Pictures Indus., 204 F.3d

326, 340 (2d Cir. 2000)); AMW Material Testing, Inc. v. Town of Babylon, 215 F.R.D. 67, 71 (E.D.N.Y. 2003); Julian v. Equifax Check Servs., Inc., 178 F.R.D. 10, 16 (D.Conn. 1998).

Fact discovery was completed by May 31, 2002 and expert discovery by November 14, 2002, as reflected in the minute entries for discovery conferences on those dates. After settlement efforts failed, this Court set a further schedule for dispositive motions and completion of the proposed joint pretrial order. See minute entry dated 3/24/03. Notwithstanding the refusal of this Court to delay discovery in this action in order to coordinate discovery with the Gangemi Action,[2] discovery in that action essentially resulted in a resurrection of discovery in this action. Thus, as briefing on the summary judgment motions proceeded, this Court continued to address discovery disputes raised in the Gangemi Action.

However, fact discovery was essentially completed in the Gangemi Action as of October 15, 2003 and, as reflected in the minute entry, the one outstanding issue was the deposition of Lt. Fellner, a former employee of the U.S. Park Service Police. See Gangemi Action, ct. doc. 16. Nonetheless this Court considered additional issues raised by plaintiffs that they had not previously raised and, at a conference on December 15, 2003, ruled on some issues and required the government to submit

---

[2] See endorsed order dated 5/9/01 filed on May 15, 2001 in the Spinelli Action (ct. doc. 16).

certain other documents for in camera inspection.  Gangemi Action, ct. doc. 18.  Thereafter, this Court issued a series of rulings concerning discovery and the issues raised by plaintiffs' application, including the following.  In an order dated January 8, 2004, this Court ordered disclosure of certain General Orders and memorandum and required submission of additional General Orders.[3]  Id., ct. doc. 17.  At a conference on January 23, 2004, although noting that plaintiffs had previously failed to make a motion to compel, this Court nonetheless granted plaintiffs' request for records of complaints.  Id., ct. doc. 20.  By endorsed order dated April 22, 2004, this Court addressed the remaining discovery issues and required disclosure of the files of Lt. Fellner and Sgt. Dorogoff.  Id., ct. doc. 27.  This Court denied plaintiffs' request for disclosure of various studies.  After delaying production of Lt. Fellner's file until a hearing on the question of his deposition (id., ct. doc. 35), this Court ordered production of the documents at a hearing on May 4, 2004 (id., ct. doc. 33), but with attorney notes redacted.  Id., ct. doc. 31.  Discovery ultimately closed on September 30, 2004 (id., ct. doc. 40).

In fact, virtually every issue raised or intimated in plaintiffs' submissions has previously been addressed or not raised at all.  Neither plaintiffs in this action nor the Gangemi Action, all of whom are represented by the same attorney, sought

---

[3] In camera review.

reconsideration of any of the orders or sought review from the Honorable Sandra F. Feuerstein, then the district judge to whom this case was assigned.

The only matter arguably properly raised in plaintiffs' application is the question of the completeness of the production of the files concerning Lt. Fellner. This Court had expected that the government would produce Lt. Fellner's entire file for <u>in</u> <u>camera</u> inspection when ordered to do so in 2003, but, as counsel for the government advised, the prior documents submitted for inspection consisted of only the files concerning his complaints, but not his "personnel" file. Thus, even though plaintiffs offer no explanation why they waited almost two years after Lt. Fellner's deposition to seek missing documents, this Court nonetheless has required the government to submit the remainder of the lieutenant's files. After review of the additional records produced, this Court finds that they do not contain any discoverable matter. The records pertain to personnel matters of an administrative nature: his employment application, complimentary letters written by visitors, and documents concerning assignments, promotions, requests and authorizations for training, completion of training, performance reviews and position descriptions. No record contains any information concerning work conditions or treatment of employees as they may relate to the claims in this action or the Gangemi Action.

Other than a generalized complaint that the government has unilaterally refused to provide information, plaintiffs fail to describe in the remainder of their application what information sought had actually been the subject of a prior discovery request. For example, counsel refers to General Orders concerning plaintiff Hope Stuart that had been contained in her locker and not returned to her. This is not a discovery request and Mrs. Stuart's desire to obtain her General Orders had not been raised before this Court first conducted a review of General Orders in late 2003. In addition, although plaintiffs complain about the undue withholding of documents on privilege grounds, they do not describe a single discovery request to establish when this occurred.

Likewise, plaintiffs apparently did not seek any discovery with respect to Teresa Chambers, formerly Chief of the U.S. Park Service who apparently has sued the government. Even accepting plaintiffs' argument that the suit concerns employment claims,[4] it is clear that plaintiffs had been aware of the former Chief Chambers's claims for some time. The undated report of plaintiffs' expert refers to various documents concerning Chief Chambers's removal from late 2003, including a memorandum dated

---

[4] Although this Court had ordered the government to disclose prior complaints, the Court limited the scope of the order to complaints within the geographic area where the plaintiffs worked. Thus, the government had not been ordered to disclose complaints made in Washington, D. C. where Ms. Chambers's suit appears to have been brought.

December 17, 2003.  See Expert Opinion Report of Neal Trautman at 11, attached as exhibit B to letter of Ruth Pollack dated June 12, 2006.  In addition, the former Chief is listed on plaintiffs' schedule of witnesses in a proposed joint pretrial order filed on April 27, 2005.  Ct. doc. 63 at 4.

Because plaintiffs have not diligently pursued discovery, nor clearly articulated any deficiencies in the government's response other than issues previously addressed by this Court, this Court finds that they have failed to establish good cause for an extension of discovery close to the eve of trial.

## CONCLUSION

For the foregoing reasons, plaintiffs' belated request to compel discovery is DENIED.

**SO ORDERED.**

Dated:   Brooklyn, New York
         June 27, 2006

            /s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE