# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

Nº 99-CV-8163 (JFB)(MDG)

————————————

RENEE SPINELLI, PAUL SPINELLI, HOPE C. STUART,

Plaintiffs,

VERSUS

SECRETARY OF THE DEPARTMENT
OF THE INTERIOR, UNITED STATES PARK POLICE, DAVID RAGUSA,

Defendants.

————————————

MEMORANDUM AND ORDER
October 19, 2006

————————————

JOSEPH F. BIANCO, District Judge:

Renee Spinelli ("Spinelli"), her husband, Paul Spinelli, and Hope Stuart ("Stuart") (collectively, "plaintiffs") commenced separate employment discrimination actions against defendants Bruce Babbitt, Secretary of the Interior ("the Secretary"), and the United States Park Police ("USPP") (collectively, "federal defendants"), and against David Ragusa ("Ragusa"), individually and in his official capacity, alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII); the Violence Against Women Act (VAWA); the equal protection clauses of the United States and New York Constitutions; and New York State Executive Law § 290, *et*

*seq.* (NYSHRL), as well as state law tort claims.

Plaintiff Spinelli has moved for reconsideration of an August 2, 2004 Opinion and Order by the Honorable Sandra J. Feuerstein, which dismissed her claims against the federal defendants. For the reasons that follow, the motion for reconsideration is denied.

Defendant Ragusa has moved, pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing all of plaintiffs' claims. For the reasons that follow, defendant Ragusa's motion for summary judgment is granted in its entirety.

## I. PROCEDURAL HISTORY

This action was filed on December 13, 1999. The case was assigned to the Honorable Edward R. Korman. On October 15, 2003, the case was reassigned to the Honorable Sandra J. Feuerstein. The federal defendants moved to dismiss and for summary judgment on February 24, 2004. By Opinion and Order dated August 2, 2004, Judge Feuerstein granted in part, and denied in part the federal defendants' motion. Specifically, with respect to the federal defendants, the court dismissed Spinelli's claims in their entirety and all of Stuart's claims, except for Stuart's Title VII claims against the Secretary.

Over the course of the next year, the parties continued preparing for trial, attended several court conferences, and, according to the docket sheet, filed a joint pre-trial order on April 27, 2005. On June 20, 2005, the parties appeared before Judge Feuerstein for a status conference, and trial was scheduled to begin on October 5, 2005. The trial was adjourned, and, on March 10, 2006, the case was reassigned to this Court. Thereafter, at this Court's first conference on April 19, 2006, plaintiffs' counsel requested permission to move for reconsideration of Judge Feuerstein's August 2, 2004 Opinion and Order.

At the April 19, 2006 conference, the Court directed plaintiffs' counsel that, should she choose to move forward with her motion for reconsideration, she should first explain to the Court the reasons why the motion should even be *considered* by this Court, given the amount of time that has passed since Judge Feuerstein's decision. Plaintiffs' counsel requested, and this Court granted, several extensions of time for her to file the instant

motion. On or about September 12, 2006, plaintiffs' counsel moved for reconsideration.

Defendant Ragusa moved for summary judgment on August 17, 2006.

## II. SPINELLI'S MOTION FOR RECONSIDERATION

Plaintiff Spinelli asks this Court to reconsider the portion of Judge Feuerstein's August 2, 2004 Opinion and Order dismissing Spinelli's Title VII claims for failure to timely exhaust administrative remedies. (*See* Pl.'s Mem. at 2.) Specifically, Spinelli contends that newly discovered evidence – in the form of an expert's report – and deposition testimony contradict the Court's finding that Spinelli had notice of the administrative remedies available to her with respect to her Title VII claims and failed to exhaust them in a timely manner. (*See id.*)

### A. STANDARD OF REVIEW

The standards controlling a motion for reconsideration are set forth in Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure. Such motions are subject to a strict standard – "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also Green v. City of N.Y.,* No. 05-CV-0429 (DLI) (ETB), 2006 WL 2516468, at *1 (E.D.N.Y. Aug. 29, 2006). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice." *United States v. Tenzer*, 213 F.3d

2

34, 39 (2d Cir. 2000); *see also Hightower v. Nassau County Sheriff's Dept.,* 343 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) (quoting *Tenzer*, 213 F.3d at 39). A motion for reconsideration is not intended to be a substitute for an appeal, and should not be granted when it "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Green*, 2006 WL 2516468, at *1 ("A party cannot merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal.") (internal citation and quotation omitted).

A similarly strict standard applies to motions made for relief from a final judgment, order or proceeding pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Because 'final judgments should not be lightly reopened, Rule 60(b) may not be used as a substitute for timely appeal . . . . Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Central Vt. Public Service Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986)). According to the terms of the rule, relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED. R. CIV. P. 60(b). The provisions are mutually exclusive, *see Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 393 (1993), and a court "may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Maduakolam v. Columbia University*, 866 F.2d 53, 55 (2d Cir. 1989); *see also Oparaji v. N.Y. Dept. of Educ.,* No. 00-CV-5953 (ENV) (VVP), 2006 WL 2220836, at *2 (E.D.N.Y. July 20, 2006) (quoting *Maduakolam*). Relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001).

## B. DISCUSSION

Spinelli's motion for reconsideration is untimely and lacks merit. Given the amount of time that had passed since Judge Feuerstein's decision, the Court directed plaintiffs' counsel, both orally and in an Order, to explain what legal authority would allow consideration of this motion. Although describing her serious illness in 2003 and 2004 in an affirmation, plaintiffs' counsel does not point to any authority, and the Court is not aware of any, allowing this Court, on this record, to reconsider Judge Feuerstein's

Opinion and Order where such reconsideration was sought almost two years after the decision was issued.[1]  In addition, even after considering Spinelli's motion on its merits, it must be denied.

### 1. The Motion is Untimely

In her memorandum of law, Spinelli did not state or provide which specific ground for relief she is moving under as enumerated in Rule 60(b)(1)-(6).  In any event, as set forth below, after analyzing the record under each of the enumerated provisions of the Rule, there are no grounds for relief.

As discussed *supra*, Rule 60(b) provides six grounds for relief.  To the extent she moves under (1), (2), or (3), it is absolutely time-barred. *See* FED. R. CIV. P. 60(b) ("[F]or reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."); *see also Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (noting that the one year "limitations period is 'absolute'") (citing 12 James Wm. Moore, *Moore's Fed. Practice* § 60.65[2][a], at 60-200 (3d ed. 1997)).  Hence, as over two years have passed since Judge Feuerstein's decision, Spinelli is time-barred from moving under Rule 60(b)(1), (2), or (3).[2]

Further, to the extent Spinelli moves under the "catch-all" provision of Rule 60(b)(6) ("any other reason justifying relief from the operation of the judgment"), the Court cannot consider it.  "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *Warren*, 219 F.3d at 114; *see also Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).").  "In particular, Rule 60(b)(6) may not be used to circumvent the 1-year limitations period that governs Rule 60(b)(1), (2), and (3)." *Warren*, 219 F.3d at 114.[3]

It is Spinelli's position, as set forth in her counsel's affirmation, that the delay in moving for reconsideration was caused by her counsel's illness and courageous battle with cancer.  In particular, counsel states that she contracted ovarian cancer in March 2003, underwent surgery in September 2003, and completed treatment in February 2004.  She

---

[1] Instead, Spinelli's motion begins with an extraneous quote from *Band of Brothers*, and goes on to claim that "every word on this page is written in the name of and because of the men and women who today risk injury and death in the Armed Forces . . . ." (Pls.' Mem. at 1.)  The Court strains to comprehend how this quote and statement has any applicability to either this case or Spinelli's motion for reconsideration.

[2] Rule 60(b)(4) and (5) are not applicable to this case, and are not further discussed.  Judge Feuerstein's Opinion and Order is not "void," nor

---

has "the judgment [] been satisfied . . ., or a prior judgment upon which it is based [] been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

[3] To the extent Spinelli asks this Court for relief under Rule 60(b)(6) based upon counsel's "gross negligence" or "inability to handle" her caseload, the Second Circuit does not permit such relief. *See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997); *Dominguez v. United States*, 583 F.2d 615, 616 (2d Cir. 1978) (per curiam); *Alvarado v. Manhattan Worker Career Center*, No. 01 Civ. 9288, 2003 WL 22462032, at *2 (S.D.N.Y. Oct. 30, 2003).

also stated that she developed a blood clot and lyphedema in her right leg, for which she is still being treated today. (Pls.'s Attorney Decl. at ¶¶ 3-4.)

The federal defendants, however, argue that counsel's illness in 2003 and 2004 is insufficient to excuse the extraordinary delay in this case in not seeking relief from Judge Feuerstein's August 2004 decision until 2006. In particular, the federal defendants note that the docket sheet reflects a significant amount of activity in this case from the time Judge Feuerstein issued her decision in August 2004 until April 2006. According to the federal defendants, during this time, plaintiffs' counsel attended court conferences, wrote letters to the court, and attended depositions.[4] Further, the federal defendants point to several other cases plaintiffs' counsel was working on during this time in this Court.[5] Finally, the federal defendants note that plaintiffs' counsel acknowledged in her affirmation that she had a law partner during this period and also worked at least part-time. (*See* Defs.' Mem. at 4-5.)

The Court is very sympathetic to counsel's prior illness and its effect on her ability to handle her caseload, including any potential continuing effects. Indeed, as the docket sheet in this case evidences, this Court has granted plaintiffs' counsel's repeated requests for extensions of time in various filings in this case. Based on the record in this case, however, the Court cannot find that counsel's

---

[4] The federal defendants also note that plaintiffs' counsel participated in a twelve-hour deposition in May 2004.

[5] The Court has reviewed the docket sheets in these cases, and finds that there was significant activity.

prior illness is sufficient to qualify as an "extraordinary circumstance" under Rule 60(b)(6). *Rodriguez*, 252 F.3d at 201. Even if plaintiffs' counsel's illness in August 2004 prevented her from drafting a motion for reconsideration at that time, there has been an insufficient showing as to why relief was not sought from Judge Feuerstein at some point, any point, prior to Spring 2006 – a period of almost two years – even if only to ask for more time to file a reconsideration motion. Hence, the Court does not find the proffered reason for the almost two year delay in this case in filing a reconsideration motion to be an "extraordinary circumstance" warranting relief under Rule 60(b)(6).

Thus, because Spinelli's motion is untimely, filed over two years after Judge Feuerstein's Opinion and Order, Spinelli's motion for reconsideration can be denied on that basis alone. However, the Court has also considered the substance of the motion and finds that it fails on the merits.

### 2. Spinelli's Motion Lacks Merit

In addition to being untimely, the motion is also denied on the merits. Spinelli's motion merely reiterates arguments made in opposition to defendants' motion for summary judgment, and asks this Court to reconsider the same arguments rejected by Judge Feuerstein. *See Shrader*, 70 F.3d at 257 (reconsideration should not be granted when it "seeks solely to relitigate an issue already decided").

Further, although Spinelli suggests that there is newly discovered evidence in the form of an expert report and deposition testimony, a review of previous submissions shows that this evidence was available to Spinelli during the Summer of 2004, and

could have been submitted to Judge Feuerstein in a timely fashion. There is no reason for the Court to consider this "newly discovered evidence" where it is clear that it was available to Spinelli while the summary judgment motion was pending.

However, even when the Court considers the additional evidence proffered by Spinelli – namely, the expert report and deposition testimony discussed in Spinelli's motion – the motion for reconsideration still fails. Judge Feuerstein found that "[s]ince (1) Spinelli had constructive notice of the time limits within which to file an EEO complaint; (2) it is undisputed that Spinelli was aware of the alleged discriminatory conduct since 1992, and (3) Spinelli has not alleged she was prevented by circumstances beyond her control from contacting the counselor within the time limits, see C.F.R. § 1614.105(a)(2), she cannot establish a regulatory exception to the requirement that she exhaust her administrative remedies." (Aug. 2, 2004 Opinion at 15-16.)

None of the evidence cited by Spinelli undermines Judge Feuerstein's conclusion. First, Spinelli points to an expert's report, but that report fails to address the issue of notice of administrative remedies available to Spinelli. (*See* Pl.'s Mem. at 14.) Thus, it is irrelevant to Judge Feuerstein's holding. Second, Spinelli directs this Court to deposition testimony and argues that Judge Feuerstein's analysis of the exhaustion issue was inconsistent with the factual record. (*See* Pl.'s Mem. at 7.) However, the Court finds that this evidence could not "reasonably be expected to alter the conclusion reached by" Judge Feuerstein, especially in light of Spinelli's admission that she saw EEO postings at her workplace. (*See* Aug. 2, 2004 Opinion at 27.) *See Shrader,* 70 F.3d at 257.

Finally, Spinelli's counsel advances several new theories not raised in connection with her opposition to defendants' summary judgment motion. Although the Court is not required to consider these theories in connection with a motion for reconsideration. *United States v. Demosthene*, 326 F. Supp. 2d 531, 534 (S.D.N.Y. 2004) (holding that a reconsideration motion is not meant to "advance new theories that the movant failed to advance in connection with the underlying motion"), the Court has analyzed these arguments and finds that they do not undermine Judge Feuerstein's holding.

Therefore, in addition to being untimely, Spinelli's motion for reconsideration is also denied on the merits.[6]

## III. DEFENDANT RAGUSA'S MOTION FOR SUMMARY JUDGMENT

Defendant Ragusa moves for summary judgment, seeking a finding from the Court that (1) plaintiffs' Title VII, non-Title VII discrimination, and VAWA claims should be dismissed for the reasons articulated in Judge Feuerstein's August 2, 2004 Opinion and Order, and (2) the Court should decline to hear plaintiffs' state law tort claims for lack of supplemental jurisdiction. (*See* Def.'s Mem. at 4.)

### A. BACKGROUND

#### 1. THE FACTS

The facts of this case were described in detail in Judge Feuerstein's August 2, 2004 Opinion and Order. The Court will

---

[6] To the extent plaintiff Paul Spinelli joins in the motion for reconsideration, it is denied for the same reasons.

summarize and restate only the facts relevant to defendant Ragusa's motion.[7]  The relevant facts, construed in the light most favorable to plaintiffs, the non-moving party, *see Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005), are as follows[8]:

Defendant Ragusa began employment as a USPP officer in 1977 and was promoted to sergeant in 1988. (Def.'s Rule 56.1 Statement ("Def.'s 56.1") ¶ 9.)   From 1991 through 1998, Spinelli worked as a dispatcher for the USPP, during which at least part of the time defendant Ragusa served as her supervisor. (*Id*. ¶ 6.)  From 1985 through 1998, Stuart

---

[7] Plaintiffs have failed to comply with Local Civil Rule 56.1(b), which provides that "papers opposing a motion for summary judgment shall include a . . . numbered paragraph responding to each numbered paragraph in the statement of the moving party."   Indeed, plaintiffs have not submitted any statement at all.  The rules of this Court state that where the opposing party fails to support factual assertions by providing citations to evidence which would be admissible, the Court is free to disregard the assertion.  *See* Local Civil Rule 56.1(d); *Watt v. New York Botanical Garden*, No. 98 Civ. 1095 (BSJ), 2000 WL 193626, at *1 & n.1 (S.D.N.Y. February 16, 2000).  Nevertheless, despite the absence of a responsive statement from plaintiffs pursuant to Local Rule 56.1, the Court does not rely solely on the defendant Ragusa's 56.1 statement and, instead, has examined the "Plaintiff's Rule 56(f) and 56.1 Statement" attached to plaintiffs' memorandum in opposition to the federal defendants' motion *in limine* for evidence in support of plaintiffs' opposition to the instant motion.  *Cf. Lettera v. Retail Property Trust*, No. 04 Civ. 4955 (JO), 2006 WL 196975, at *4 (E.D.N.Y. January 24, 2006) (relying solely on movant's uncontroverted Rule 56.1 Statement).

[8] Where only one party's statement is cited, the other party does not dispute the facts alleged.

worked as a USPP officer; for at least part of the period between 1992 and 1998, defendant Ragusa served as her supervisor.  (*Id*. ¶ 8.)

By 1992, Spinelli had come to believe that defendant Ragusa was spying on women in the women's bathroom in Building 275, where she worked. (*Id*. ¶ 10.) On January 13, 1998, after learning of a co-worker's observations of defendant Ragusa, Stuart also began to suspect that the defendant was spying on women in Building 275.  (*Id*. ¶ 12.) Stuart's co-worker had seen defendant Ragusa standing on an appliance in the kitchen – the room adjoining the women's locker room – with his head in the ceiling and looking into the women's locker room. (Pl.'s Rule 56(f) and 56.1 Statement of Sept. 27, 2006 ("Pls.'s Statement") at 3.)

On January 28, 1998, Spinelli told Stuart about her suspicions regarding defendant Ragusa.  (Def.'s 56.1 ¶ 16.)  Subsequently, on February 2, 1998, Stuart reported her suspicions to USPP management. (*Id*. ¶ 17.) On February 3, 1998, the USPP management set up a surveillance camera in the copy room closet adjoining the women's bathroom in Building 275 and arranged for a female investigator to use the bathroom.  (*Id*. ¶ 19.) The next day, defendant Ragusa was captured on videotape spying on the female investigator.  (Pls.'s 56(f) and 56.1 at 3.) Consequently, USPP managers relieved defendant Ragusa of his authority, badge, and weapon, and placed him on administrative leave. (Def.'s 56.1 ¶ 20.) Defendant Ragusa admitted his misconduct and voluntarily retired from the USPP, effective February 14, 1998. (*Id*.¶ 23.)

## 2. JUDGE FEUERSTEIN'S AUGUST 2, 2004 OPINION & ORDER

In its August 2, 2004 decision, the court granted summary judgment dismissing all of plaintiffs' claims against the federal defendants, save for Stuart's Title VII claims against the Secretary. A brief summary of that decision is set forth below.

### a. Title VII Claims

The court dismissed all of Spinelli's Title VII claims as time-barred due to her failure to exhaust administrative remedies. (August 2, 2004 Opinion at 14.)

The court dismissed Stuart's Title VII claims against the USPP for lack of subject matter jurisdiction because "a federal employee may only assert a Title VII claim against the head of the department or agency that is alleged to have discriminated against the employee." (Aug. 2, 2004 Opinion at 33.) *See Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 196 & n.2 (2d Cir. 2005); *see also Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (dismissal of Title VII claim against Police Commissioner proper "because under Title VII individual supervisors are not subject to liability"). Thus, Stuart could not bring a Title VII claim against any defendant *other than* the Secretary. (Aug. 2, 2004 Opinion at 33.)

### b. Non-Title VII Discrimination Claims

The court dismissed plaintiffs' non-Title VII discrimination claims – including claims asserting violations of the equal protection clauses of the United States and New York State Constitution, and of state law – for lack of subject matter jurisdiction. It found that Title VII is the *exclusive* remedy for a federal employee asserting claims of employment discrimination based upon sex. Therefore, plaintiffs could not press such claims by asserting violations of the United States and New York State Constitutions, and of state anti-discrimination laws. (Aug. 2, 2004 Opinion at 33.)

### c. Stuart's VAWA Claim

The court dismissed Stuart's claim alleging a violation of VAWA because there is no private right of action under the statute. (Aug. 2, 2004 Opinion at 35).

### d. State Law Tort Claims Against the Federal Defendants

The court dismissed plaintiffs' state law tort claims against the federal defendants for lack of subject matter jurisdiction. It found that the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8102, bars federal employees receiving worker's compensation benefits from alleging state law tort claims against their employers. (Aug. 2, 2004 Opinion at 34.) Upon dismissal of Spinelli's claims, the court dismissed Paul Spinelli's derivative tort claims. (Aug. 2, 2004 Opinion at 34.)

## B. DISCUSSION

### 1. SUMMARY JUDGMENT STANDARD

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." FED. R. CIV. P. 56©; *Globecon Group, LLC v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart*, 751 F.2d 69, 77 (2d Cir.

1984) (internal quotations omitted). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted). The Second Circuit has provided additional guidance regarding summary judgment motions in discrimination cases:

> We have sometimes noted that an extra measure of caution is merited in affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions. *See, e.g., Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994). Nonetheless, "summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").

*Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 603 (2d Cir. 2006). *See also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001).

## 2. THE LAW OF THE CASE

The rulings presented in Judge Feuerstein's Opinion constitute the law of this case. The law of the case doctrine posits that, if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case, *Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996), and its findings should not be altered absent "cogent" or "compelling" reasons, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *United States v. Thorn*, 446 F.3d 378, 383 (2d Cir. 2006) (quoting *Tenzer*, 213 F.3d at 39 (2d Cir. 2000)) (internal quotation marks omitted). *See also Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003) ("where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again") (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)) (internal quotation marks omitted); *Wright v. Cayan*, 817 F.2d 999, 1002 & n.3 (2d Cir. 1987) (even after reassignment of a case from one judge to another, the law of the case doctrine "dictates a general practice of refusing to reopen what has been decided"); *Fisher v. J.P. Morgan Chase & Co.*, No. 03 Civ. 3252 (SHS), 2006 WL 2819606, at *4 (S.D.N.Y. Sept. 29, 2006).

Thus, although Judge Feuerstein's Opinion addressed claims raised against the federal defendants, the court's findings also limit the claims that plaintiffs can bring against defendant Ragusa in this case. The court was "squarely presented" with the question of whether Title VII is the exclusive remedy for plaintiffs' claims of discrimination and whether their non-discrimination claims are thus preempted. The court answered affirmatively to those questions in dismissing the Title VII claims against the USPP, and the non-discrimination claims against all the federal defendants. The court also found no private right of action under VAWA. (*See* Aug. 2, 2004 Opinion at 32-35.) The reasoning and case authority contained in the August 2, 2004 Opinion on these claims applies with equal force to defendant Ragusa. *See also Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. Schreiber*, 407 F.3d 34, 44 (2d Cir. 2005) ("[A] district court's discretion to reconsider its own decisions is limited [where the court previously] was . . . squarely presented with the question"); *Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F. 3d 77, 94 (2d Cir. 2005) ("courts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge or court") (quoting 18B Charles Allan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 637 (2d ed.2002)) (internal quotation marks omitted).

Therefore, for the reasons given in the August 2, 2004 Opinion, and, as discussed *supra*, given the absence of any cogent or compelling justification to disturb that ruling, plaintiffs' Title VII and non-Title VII discrimination claims against defendant Ragusa, and Stuart's VAWA claim against defendant Ragusa are dismissed.

## 3. STATE LAW TORT CLAIMS AGAINST RAGUSA

In the August 2, 2004 Opinion, the dismissal of plaintiffs' state law tort claims

relied on the federal defendants' status as federal entities. Here, by contrast, plaintiffs assert claims against an individual defendant. As such, even though some of the same case authority relating to the exclusivity of Title VII as a remedy cited in the Opinion applies to this issue as well, this Court will separately analyze the validity of plaintiffs' state law tort claims against defendant Ragusa. As set forth below, the Court finds that all of plaintiffs' state law tort claims must be dismissed.

### a. Plaintiffs' Claims

Spinelli asserts claims for tortious invasion of privacy, fraud, detrimental reliance, defamation, negligent hiring, negligent retention, negligent infliction of emotional harm, negligent infliction of emotional distress, and breach of an employment agreement. In addition, Paul Spinelli asserts claims for loss of comfort, services, companionship and society. (Def.'s 56.1 ¶ 24.)

Stuart asserts claims for tortious invasion of privacy, "intentional negligent infliction of emotional harm," fraud, detrimental reliance, defamation, intentional infliction of emotional distress, intentional hiring, intentional gross negligence, negligent retention, negligent infliction of emotional distress, and breach of an employment agreement. (*Id*. ¶ 25.)

### b. Title VII Preemption of State Law Remedies

Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998) (quoting *Brown v. General Servs. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)) (internal

quotation marks omitted); *see also Morrongiello v. Ashcroft*, No. 01 Civ. 2524 (SHP), 2004 WL 112944, at *3 (S.D.N.Y. Jan 22, 2004) ("As plaintiff is a federal employee [alleging employment discrimination] she may only bring a Title VII action"); *Lewis v. Snow*, No. 01 Civ. 7785 (CBM), 2003 WL 22077457, at *11-*12 (S.D.N.Y. Sept. 8, 2003); *King v. United States Postal Service*, No. 01 Civ. 8876 (GEL), 2002 WL 1067825, at *4 (S.D.N.Y. May 29, 2002). Thus, permitting federal employees to invoke state law remedies for claims of employment discrimination would work an impermissible "end-run around Title VII's administrative requirements." *Lewis*, 2003 WL 22077457, at *11 (internal quotation marks omitted) (dismissing state tort claims against supervisors in their individual and official capacities); *see, e.g.*, *Rivera*, 157 F.3d at 105 (dismissing state discrimination claims against supervisors in their individual capacities because "allowing such claims would easily circumvent [the] holding that the Title VII remedies were exclusive"); *King*, 2002 WL 1067825, at *4 (dismissing state tort claims against supervisor in his individual and official capacities).

Here, plaintiffs attempt such an "end-run" around Title VII: plaintiffs' state law tort claims derive solely from the alleged workplace discrimination underlying their federal law claims. Therefore, in order to maintain the exclusivity of Title VII remedies for employment discrimination, plaintiffs' state tort claims against Ragusa, both individually and in his official capacity, are dismissed. *See Lewis*, 2003 WL 22077457, at *11 ("Courts have refused to permit the invocation of state law remedies to circumvent the exclusivity of Title VII as a

remedy for discrimination in federal employment.") (collecting cases).[9]

c. Paul Spinelli's Derivative Claims

Spinelli's husband, Paul, asserts several derivative tort claims for loss of consortium. *See Goldman v. MCL Companies of Chicago, Inc.*, 131 F.Supp.2d 425, 427 (S.D.N.Y. 2000) ("The common law concept of consortium includes . . . loss of support or services, . . . love, companionship, affection, society, sexual relations, solace and more"). Having dismissed Spinelli's tort claims, Mr. Spinelli's derivative claims are likewise dismissed. *See id.* ("It is well established . . . that a loss of consortium claim is not an independent cause of action . . . and may only be maintained . . . pursuant to the primary tort") (internal quotation marks and citations omitted); *O'Gorman v. Holland*, No. 97 Civ. 0842 (WHP), 2000 WL 134514, at *3 (S.D.N.Y. Feb. 3, 2000) ("A loss of consortium claim is not an independent cause of action but is derivative in nature.")

---

[9] Moreover, plaintiffs cannot sue Ragusa in his official capacity due to the additional barrier that the sole waiver of sovereign immunity for tort claims against the United States and its agencies, including the USPP, is the Federal Tort Claims Act, 28 U.S.C. § § 1346(b), 2671-2680. *See Lewis*, 2003 WL 22077457, at *11; *King*, 2002 WL 1067825, at *4. Plaintiffs do not assert a claim under this Act.

IV. Conclusion

For the foregoing reasons, Spinelli's motion for reconsideration of Judge Feuerstein's August 2, 2004 Opinion and Order is DENIED. Defendant Ragusa's motion for summary judgment is GRANTED in its entirety and all claims against defendant Ragusa are DISMISSED.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 19, 2006
Central Islip, NY

* * *

Plaintiffs are represented by Ruth M. Pollack, Esq., Law Office of Ruth M. Pollack, P.O. Box 120, 1288 West Main Street, Riverhead, New York 11901. The federal defendants are represented by Assistant United States Attorney Diane C. Leonardo-Beckmann, United States Attorney's Office, 610 Federal Plaza, Fifth Floor, Central Islip, New York 11722. Defendant Ragusa is represented by Luciano A. Cerasi, Mahon and Berger, Esqs., 21 Glen Street, Suite D, Glen Cove, New York 11542.