UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                        :
HOPE C. STUART,                         :
                                        :
                Plaintiff,              :        ORDER TO SHOW CAUSE
                                        :        99-CV-8163 (JFB)(AKT)
        – against –                     :
                                        :
SECRETARY OF THE DEPARTMENT             :
OF THE INTERIOR,                        :
                                        :
                Defendant.              :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOSEPH F. BIANCO, District Judge:

        During trial in the above-entitled action, this Court indicated that it would address the

misconduct of plaintiff's counsel, Ruth Pollack ("Ms. Pollack"), at the conclusion of the trial

with a full opportunity for Ms. Pollack to be heard.[1] (*See* July 13, 2007 Memorandum and Order,

at 47.) The Court fully outlined Ms. Pollack's misconduct in its July 13, 2007 Memorandum and

Order, wherein the Court dismissed this case with prejudice based on Ms. Pollack's misconduct

during the trial. (*Id.*) "[T]he [inherent] power of courts over their own officers, or to protect

themselves, and their members, from being disturbed in the exercise of their functions is long

established. This inherent power generally extends only to a court's management of its own

_____

        [1] The Court chose not to hold Ms. Pollack in summary contempt at the time of her
conduct; rather, at that time, the Court noted Ms. Pollack's conduct and stated that it would be
addressed at the conclusion of the trial in this action, with a full opportunity for Ms. Pollack to be
heard. Furthermore, the Court is aware that it would be inappropriate to make a contempt
finding at this time, absent a formal contempt proceeding, because the necessity for "a swift
response [to] stop[] the misconduct at hand and deter[] similar behavior" has passed. *See, e.g.,*
*United States v. Marshall*, 371 F.3d 42, 45 (2d Cir. 2004); *see also E.E.O.C. v. Local 638*, 81
F.3d 1162, 1176 (2d Cir. 1996) ("A party charged with contempt of court (except where the
contempt is made in court and is summarily punished) is entitled to notice and an opportunity to
be heard.").

affairs," and includes the power "to punish for contempt." *Xiao Xing Ni v. Gonzales*, – F.3d – , 2007 WL 2012395, at *6 (2d Cir. July 12, 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)) (internal quotation marks and additional citations omitted).  This order is intended to provide reasonable notice of the specific criminal contempt charges against Ms. Pollack, and to inform her that she will be given an opportunity to be heard in her own behalf in contempt proceedings before another district court judge. *See, e.g., United States v. Lumumba*, 741 F.2d 12, 17 (2d Cir. 1984) ("[B]efore an attorney is finally adjudicated in contempt and sentenced after trial for conduct during trial, [she] should have reasonable notice of the specific charges and opportunity to be heard in [her] own behalf.").  Accordingly,

IT IS HEREBY ORDERED that Ms. Pollack shall show cause as to why she should not be held in criminal contempt pursuant to the inherent authority of this Court, as set forth in *Chambers*, 501 U.S. at 44 (noting that "[t]he power to punish for contempts is inherent in all courts") (internal quotation marks and citation omitted), and *Xiao Xing Ni*, 2007 WL 2012395, at *6, for the following conduct during trial in the above-entitled action:[2]

(1) Ms. Pollack's failure to appear for trial on time on May 22, 23, 24, and 31, and June 4,[3] as directed by the Court, as well as the failure to appear for trial at all on May 30 (and the accompanying refusal to provide documentation regarding her absence, as directed by the Court);

(2) Ms. Pollack's violation of this Court's specific order on June 1 not to ask certain questions of a witness, John Gangemi, regarding pornographic materials obtained from

---

[2] The Court's July 13, 2007 Memorandum and Order, which describes these events in greater detail, is attached to this order.

[3] All events referenced herein occurred in 2007, unless otherwise noted.

his locker, with Ms. Pollack advising the Court that she did not consider the order to be a "lawful" order;

(3) Ms. Pollack's failure to abide by this Court's order to end the direct examination of a witness, John Piccolo, on June 4, and subsequent reargument of the Court's ruling in front of the jury in violation of the Court's specific direction barring such reargument within the jury's presence; and

(4) Ms. Pollack's assertion that the Court made an "illegal" ruling that she need not follow when it precluded her from questioning witnesses regarding plaintiff's purported "whistleblower" claim on June 5, and her continued violation of that ruling on that day.

IT IS FURTHER ORDERED that this matter should be reassigned to another district court judge in the Long Island courthouse.[4] The district court judge to whom the case is reassigned should follow the criminal contempt procedures set forth in Rule 42(a) of the Federal Rules of Criminal Procedure. *Lumumba*, 741 F.2d at 17.

---

[4] Rule 42(a) of the Federal Rules of Criminal Procedure provides that, "[i]f the criminal contempt [charge] involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents." *See, e.g., Taylor v. Hayes*, 418 U.S. 488, 501-03 (1974) (finding that due process requires disqualification where the judge became "embroiled in a running controversy" with the contemnor, and that the mere "appearance of bias" may merit the disqualification of "judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties") (internal quotation marks and citations omitted); *Mayberry v. Pennsylvania*, 400 U.S. 455, 463-66 (1971) (holding that, where the alleged contemptuous action includes the personal vilification of a judge, and where the contempt proceeding is not summary, a different judge should pass sentence on the contemnor); *Lumumba*, 741 F.2d at 16; *see also United States v. Dowdy*, 960 F.2d 78, 82-83 (8th Cir. 1992). Accordingly, because the instant charge involves disrespect toward and criticism of the undersigned – as set forth *supra* and, in greater detail, in this Court's July 13, 2007 Memorandum and Order – the Court finds that it should be disqualified from presiding over the hearing regarding the instant charges.

IT IS FURTHER ORDERED that the Clerk of this Court shall forward a copy of this order and of this Court's July 13, 2007 Memorandum and Order dismissing the above-entitled action to the Committee on Grievances of the Eastern District of New York and to the Disciplinary Committee of the New York State Judicial Department in which Ms. Pollack is admitted to practice, for such action as they may deem proper.[5] *See, e.g., Amalfitano v. Rosenberg*, 428 F. Supp. 2d 196, 212-13 (S.D.N.Y. 2006) (directing clerk to forward an opinion regarding attorney's misconduct to the appropriate grievance and disciplinary committees).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:      August 15, 2007
            Central Islip, NY

---

[5] The Court notes that, under the Code of Conduct for United States Judges, it bears an ethical obligation to "initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a . . . lawyer," and that such action includes "reporting the violation to the appropriate authorities." Code of Conduct for United States Judges, Canon 3B(3) & cmt. (2002).