**RUTH M. POLLACK, ESQ.**
21 West Second Street • Suite 13
Riverhead, NY 11901
Tel.  631-591-3160
(a)  Fac. 631-591-3162
Ruth@ruthmpollackesq.com

September 14, 2007                                       ECF:___

Judge Leonard D.  Wexler
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  <u>Stuart v. U. S. Department of the Interior, and the U.S. Park Police, et al. 99-cv-8163 (JFB)(MDG)</u>

I.       INTRODUCTION

A.  In the instant case, I represent a <u>bona fide</u> Whistleblower of official misconduct at the U.S. Park Police Headquarters in Brooklyn, New York where Plaintiff was blocked from making a secured report that she was the subject and decoy of an investigation into voyeurism of Plaintiff's and female officers and female members of the public for many years.

B.  It is a substantiated fact that the Plaintiff made a secured protected disclosure and did and has participated in protected conduct   and that this is ongoing.  This included Plaintiff's disclosures of a hostile work environment with pornography and lax administrative oversight that included

1

    Plaintiff's conduct in disclosure being blocked by defendants so that Plaintiff's initial disclosures were not forwarded in the legal manner required by Plaintiff's superiors to do and that this involves fraud and fiduciary fraud and that Plaintiff was and has been injured and this too is ongoing.

C. Witnesses and information have been tampered, interfered, and obstructed by defendants and government officers, including the U.S. Attorney's Office, Office of the Solicitor in Boston, administrative high ranking clerks and judicial officers of the Court.

D. High crimes have been committed in this instant case, where Plaintiff and Plaintiff's counsel as <u>bona fide</u> Whistle Blowers have suffered severe retaliation so that serious injury has resulted to Plaintiff and legal counsel.  I as legal counsel was assaulted and brutalized by eight (8) to ten (10) court officers resulting in irreparable injury.

E. This assault occurred the day after Judge Bianco made a threat to my person just after dismissing Plaintiff's case

mid-testimony during our case in chief. The Court had persistently blocked Plaintiff's pleadings from being presented with legally proper evidence so that no consideration could be brought to defendants, the U.S. Attorney's Office and the Court's retaliatory conduct or so that Plaintiff could present a case as a <u>bona fide</u> Whistle Blower as to governmental misconduct.

F. The Court gave no legal argument as to its reasoning for blocking of Whistleblower Plaintiff's pleadings and proof. This is an act of discrimination and psychic mayhem has ensued for Plaintiff in this meritorious case as she is suffering ongoing discriminatory actions and injury as a result.

G. Litigation tactics, motion practice and collusion between the Court and Assistant U.S. Attorneys – three of them—design was to delay, conceal, and obstruct the legitimate production of material, information and witnesses to obstruct justice for Plaintiff.

H. It is a substantiated fact in law that under the legal remedy sought by Plaintiff as a Whistle Blower, she need not

demonstrate the existence of a retaliatory MOTIVE on the part of the defendant discriminating against Plaintiff.

I. Plaintiff respectfully submits that retaliatory conduct toward Plaintiff as defendants in open Court blocked a Whistle Blower without any legal reason given. Plaintiff's legal counsel, the undersigned, could not say "yes" to an illegal order without jeopardizing Plaintiff's case, which was proceeding smoothly, with the exception of the tactics employed by the Court and defense counsel.

J. That Judge Bianco did steer this case and has a conflict of interest as he himself made it known during the trial is true and on the Record. During the trial he disclosed that he knew a defense witness and had worked with him in the Joint Terrorism Task Force. He disclosed this after the witness testified. This witness was named for years on both Plaintiff's Witness List and Rule 26 Disclosure. This was an abuse of the law and rule of conflict of interest, which requires cases such as this one involving retaliation that Courts consistently allow extensive broad discovery in employment discrimination cases. The Court has violated the spirit and law in this Whistle blower case.

K.  Justice has been obstructed under color of state law and rule under 42 U.S.C. §1983.  Both Plaintiff as a Whistle Blower and Plaintiff's legal counsel are suffering retaliation by the Court.  The Court abused its inherent powers to prevent Plaintiff from presenting Plaintiff's case to a jury of Plaintiff's peers selected by Plaintiff's legal counsel.  The Court did place artificial limits upon Plaintiff having no basic in law or fact to do so.  This was to obstruct evidence of the actions of government agents as defendants who had abused their authority to have participated in blocking the report of the commission of a crime by not only Plaintiff, but also Plaintiff's co-police officer, Plaintiff in a companion case, Officer John Gangemi, who also suffered retaliation for his having reported the same misconduct to the chain of command.

L.  Perjury, legal malpractice, malicious prosecution and personal and professional abuse have occurred in this underlying case.  These are comprised of acts of discrimination against Plaintiff and Plaintiff's legal counsel and included the Court having placed in the public Court Docket for this case [so intentionally placed] that this case

concluded with a "defendant's verdict. " This was intentionally designed to publicly malign Plaintiff's case and humiliate Plaintiff and Plaintiff's counsel's legal team.

M. At all times as the record reflects Plaintiff's legal counsel is shown to be sterling in Plaintiff's respect for the law, procedure, order and decorum in the Courtroom. It is a substantiated fact that the legal counsel has acted to preserve the meritorious truth logic of Plaintiff's case as a Whistle Blower and that retaliation is presently ongoing and the Court blocked this case's pleading and proof at trial with no legal basis to do so, no legal argument or basis whatsoever.

N. It can be noted by reviewing the Court transcript of the trial that this, as stated, is substantiated fact, as part of the public record.

O. Ethics and morality have been seriously compromised and disrupted by collusion and subterfuge and network such that the tactics employed by the U.S. Attorney General's Office and the Office of the Solicitor General are to be seriously questioned.

P. The Court personally attacked Plaintiff's legal counsel as to Plaintiff's physical and mental condition in open court and threatened Plaintiff's work environment in blatant violation of 42 U.S.C. § 12101 that protects Plaintiff's counsel as an American with a Disability, in that is she is a cancer survivor.

Q. It is a substantiated fact that the court did everything in its power to block Plaintiff from trying Plaintiff's case based on Plaintiff's meritorious pleadings. This is so obvious in papers sent to this Court; the above core legal issues of Whistle Blowing and Retaliation which Plaintiff's legal counsel forwarded as the major obstacle to a fair trial representing Plaintiff's truthful pleadings is purposefully omitted from Judge Bianco's Order to Show Cause.

R. Excessive side bar activity was further evidence of a coverup and collusion between the court officers and the court to prevent the orderly and uninterrupted flow of Plaintiff's proof, in the form of testimony and documentation, of Whistle Blowing and Retaliation. In the sidebars, the Court was in continuous collusion with Government Defendants to assist them in the concealing of this evidence. The Court transcript of the trial, read in its entirety, shows this to be true. The Court, along with

7

Defendants, clearly sought to squash and end the trial of this case so that it would never see the light of day. To this end, that is exactly what the Court did. It dismissed the case on legally baseless, fabricated grounds. The jury was cognizant of this as were our witnesses in the gallery and at counsel table.

## II. PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER AND JUDGMENT AND DIRECTING JUDGMENT FOR PLAINTIFF WITH COSTS, DISBURSEMENTS AND ATTORNEYS' FEES.

**A. It is substantiated fact as part of the public record that Plaintiff and Plaintiff's counsel have and are presently under attack involving their respective roles as Whistle Blowers in this case. It is clear and a substantiated fact as is part of the public record amassed in this case that this case is about retaliation having occurred as a result of Whistle Blowing and it was never given a broad investigation legally due to protect from retaliation or Plaintiff's discrimination.**

B. It is the rule and law such a case as this instant case is legally due in remedy sought a broad investigation. Nowwhere in the broadest interpretation does it say that a Magistrate, Judge, Judicial Official or Clerk can have reduced the scope such that the Plaintiff's pleadings and proof are partially or completely

undermined. This is such that the substantiated facts of the instant case were reversed as to the truth-logic of Plaintiff's pleadings. Therefore, Plaintiff requests that this Court grant the following relief forthwith:

1. An order vacating Judge Bianco's Order and Judgment in its entirely; and

2. An Order directing judgment for Plaintiff having been the victim of retaliation by the federal government as a Whistle Blower, with all relief sought in Plaintiff's pleadings; and

3. A directive by the Court to immediately investigate all matters raised in this application; and

4. A directive by the Court to immediately inform appropriate law enforcement authorities and Inspectors General as has Plaintiff's counsel of the criminal and civil wrongs committed in this case; and

5. An order denying in all respects the application seeking a contempt of court order against Plaintiff's legal counsel as failing to meet the legal requirements of criminal contempt; and

6. An order holding Judge Bianco in criminal contempt of court for his purposeful collusion with

defendants' obstruction of justice in this instant case, for his professional and personal attack on Plaintiff's legal counsel during Plaintiff's trial of the instant case and thereafter; and

7. An order directing all court personnel to immediately cease and desist from all acts that are or could be construed to be retaliatory and discriminatory against Plaintiff and Plaintiff's legal counsel.

8. Plaintiff's legal counsel, having filed a Notice of Appeal in this case shall, without prejudice, remove all procedural impediments to this Court's actions.

9. An order directing all judicial process of this instant case to involve broad investigation and an order stating that Plaintiff is a <u>bona fide</u> Whistle Blower and that Plaintiff's Basic Training requirement by Plaintiff's employer be rescinded; and further that **the federal Whistle Blower laws and regulations strictly forbid any retaliation against Plaintiff and Plaintiff's legal Counsel.**

10. It is a substantiated fact that Plaintiff's supervisor(s) are named defendants in Plaintiff's case and that they did block and obstruct Plaintiff's initial

10

disclosure and conduct. These individuals were Major Thomas Pellinger, Sgt. David Buckley, and former Sgt. David Ragusa, her immediate supervisor. This, too, is part of the public record of the case. This constituted the first act of retaliation that injured Plaintiff.

11. Plaintiff seeks an order of this Court requiring these individuals to be held in criminal contempt and prosecuted for crimes they committed to the fullest extent of the law.

12. An Order of this Court is requested holding the Assistant U.S. Attorneys and Solicitors General involved in all aspects of this case held in criminal contempt of court for their deliberate obstruction of justice which included the tampering with federal witnesses and concealing of evidence that was to be disclosed to the undersigned as early as 1993. This, too, is part of the trial record.

13. It is a substantiated fact that Plaintiff's case has been steered by judicial upper level clerks and that Plaintiff did set forth legal reasons for recusal of Judge Bianco early in the case and repeated her request later at trial. The Court disregarded this

legitimate request and continued to ignore Plaintiff's legal counsel' requests of having to continue to proceed under clear duress created by the Court's purposeful blocking of Plaintiff's orderly trial of her meritorious claim.  Plaintiff seeks an order of an investigation into how this case was steered to a judge with a clear and unjustified conflict of interest.

14. It is a substantiated fact that that Plaintiff's counsel has been teamed up on by judicial officers, including Judge Joseph Bianco, Magistrate William D. Wall, Judge Charles Sifton, Judge Susan Knipps, Judge Kenneth Karas, Judge Johanna Seybert, Judge Sterling Johnson and Magistrate Thomas Boyle, all of whom have participated in ex parte communication so that personal –ad hominem – attacks have continued to this day.  We request that an order or directive issue for these officers of the Court immediately to cease and desist in the retaliatory behavior against Plaintiff's legal counsel, her professional staff, her forensic experts and her clients.

S.  Counsel's confidant and mentor, author and Civil Rights attorney Gerry Spence, Esq. has said,

> No one knows better than children of the **Holocaust** how the lessons of history must never be forgotten. Yet Americans, whose battle cry was once, "Give me liberty or give me death," have sat placidly by as a new king was crowned. In America a new king was crowned by the shrug of our shoulders when our neighbors were wrongfully seized. A new king was crowned when we capitulated to a regime that was no longer sensitive to people but to non-people -- to corporations, to money and to power. The new king was crowned when we turned our heads as the poor and the forgotten and the damned were rendered mute and defenseless, not because they were evil but because, in the scheme of our lives, they seemed unimportant, not because they were essentially dangerous but because they were essentially powerless. Quoted from Gerry Spence's book <u>From Freedom to Slavery: The Rebirth of Tyranny in America</u> (St. Martin's Press 1993)

> This year, in a suit against the FBI for wrongly tying an Oregon lawyer to the Madrid bombing case, my mentor and confident Gerry Spence, Esq. also stated,

> "And so we have a very precarious condition which can lead us into what I call the Fourth Reich," Spence said. Mussolini predicted the Fourth Reich would occur when "government and corporations became indistinguishable."
> "That's what we really have today," he said. "Because we are afraid, we are angry. The average person feels helpless – 'What can I do?'"

> "Freedom," Spence said, "requires a little bit of danger. You have to agree to a little bit of danger to be free." Quoted from "Spence: $2M settlement underscores loss of freedom Jackson attorney battles FBI, big government, Patriot Act." By Angus M. Thuermer Jr., 01/03/07 <u>Jackson Hole News.</u>

13

Thank you.

Respectfully,

S/
RUTH M. POLLACK, ESQ. (RP1407)
RMP: lb